MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

| | |
|---|---|
| WILFREDO RAMIREZ, and GILMAR RAMIREZ, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| *Plaintiffs,* | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |
| MOON HOUSE CHINESE RESTAURANT INC. (d/b/a MOON HOUSE RESTAURANT ), YUK YAN ZHANG, and LINDA ZHANG, | |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiffs Wilfredo Ramirez and Gilmar Ramirez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Moon House Chinese Restaurant Inc. (d/b/a Moon House Restaurant) ("Defendant Corporation") and Individual Defendants Yuk Yan Zhang and Linda Zhang, allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs are former employees of defendants Moon House Chinese Restaurant Inc. (d/b/a Moon House Restaurant), Yuk Yan Zhang and Linda Zhang  (collectively, "Defendants").

2.      Defendants own, operate, or control a Chinese restaurant located at 1810 Third Avenue, New York, NY 10029, under the name "Moon House Restaurant."

3.      Upon information and belief, individual defendants Yuk Yan Zhang and Linda Zhang serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were ostensibly employed by Defendants as delivery workers.

5.      However, they were required to spend a considerable part of their work day performing non-tipped  non-delivery duties including but not limited to various restaurant duties such as making sauces, sweeping and mopping, carrying and stocking deliveries, stocking the refrigerator with drinks,  preparing salads, cutting onions, washing and peeling shrimp, cleaning trays, windows and the kitchen**,** twisting and tying up cardboard, dishwashing, making home-made ice tea and taking out the garbage (hereinafter the "non-tipped  non-delivery duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked each week.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

9.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required greater or equal time spent in non-tipped, non-delivery duties.

10.     Regardless, at all times Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

11.     Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped non-delivery duties exceeded 20% of each workday (12 N.Y.C.R.R. §146-2.9).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate and to enable them to pay Plaintiffs at the lower tip-credited rate (which they still failed to do), by designating them as delivery/tipped workers instead of non-tipped non-delivery employees.

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

15.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Chinese restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

18.    Plaintiff Wilfredo Ramirez ("Plaintiff Wilfredo" or "Mr. Wilfredo") is an adult individual residing in Bronx County, New York.  Plaintiff Wilfredo was employed by Defendants from approximately October 1, 2015 until on or about February 28, 2017.

19.    Plaintiff Gilmar Ramirez ("Plaintiff Gilmar" or "Mr. Gilmar") is an adult individual residing in Bronx County, New York. Plaintiff Gilmar was employed by Defendants from approximately November 2015 until on or about April 2016.

### *Defendants*

20.    At all relevant times, Defendants own, operate, or control a Chinese restaurant located at 1810 Third Avenue, New York, NY 10029 under the name "Moon House Restaurant."

21.    Upon information and belief, Moon House Chinese Restaurant Inc. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York.

- 4 -

22.     Upon information and belief, Defendant Corporation maintains its principal place of business at 1810 Third Avenue, New York, NY 10029.

23.     Defendant Yuk Yan Zhang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

24.     Defendant Yuk Yan Zhang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

25.     Defendant Yuk Yan Zhang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Linda Zhang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

27.      Defendant Linda Zhang is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation.

28.     Defendant Linda Zhang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.    Defendants operate a Chinese restaurant located in the East Harlem section of Manhattan in New York City.

30.    Individual defendants, Yuk Yan Zhang and Linda Zhang possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.    Upon information and belief, individual defendants Yuk Yan Zhang and Linda Zhang operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.    In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who were ostensibly employed as delivery workers.  However, they spend over 20 percent of their work hours performing the non-tipped/non-delivery duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Wilfredo Ramirez*

41.     Plaintiff Wilfredo was employed by Defendants from approximately October 1, 2015 until on or about February 28, 2017.

42.     Defendants ostensibly employed Plaintiff Wilfredo as a delivery worker.

43.     However, Plaintiff Wilfredo also was required to spend a significant portion of his work day performing the non-tip duties described above.

44.     Although Plaintiff Wilfredo ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

45.     Plaintiff Wilfredo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Wilfredo's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Wilfredo regularly worked in excess of 40 hours per week.

48.     From approximately October 1, 2015 until on or about February 28, 2017, Plaintiff Wilfredo worked from approximately 11:00 a.m. until on or about 11:00 p.m. two days a week, from approximately 11:00 a.m. until on or about 11:30 p.m. two days a week and from approximately 11:00 a.m. until on or about 12:30 a.m. one day per week (typically 62.5 hours per week).

49.     Throughout his employment with defendants, Plaintiff Wilfredo was paid his wages in cash.

50.     From approximately October 1, 2015 until on or about January 2017, defendants paid Plaintiff Wilfredo a fixed salary of $300 per week.

51.     From approximately January 2017 until on or about February 28, 2017, defendants paid Plaintiff Wilfredo a fixed salary of $310 per week.

52.     Plaintiff Wilfredo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     Defendants never granted Plaintiff Wilfredo any break or meal period of any length.

54.     For example, Defendants required Plaintiff Wilfredo to work an additional 30 minutes after his scheduled departure time at least two days every week, and did not pay him for the additional time he worked.

55.     Defendants never notified Plaintiff Wilfredo that his tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Wilfredo's wages.

57.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Wilfredo regarding overtime and wages under the FLSA and NYLL.

58.     Plaintiff Wilfredo was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

59.     Furthermore, Defendants did not provide Plaintiff Wilfredo with a statement of wages with each payment of wages, as required by NYLL 195(3).

60.     Defendants never gave any notice to Plaintiff Wilfredo, in English and in Spanish (Plaintiff Wilfredo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Wilfredo to purchase "tools of the trade" with his own funds—including a bicycle, a vest and a helmet.

*Plaintiff Gilmar Ramirez*

62.     Plaintiff Gilmar was employed by Defendants from approximately November 2015 until on or about April 2016.

63.     Defendants ostensibly employed Plaintiff Gilmar as a delivery worker.

64.     However, Plaintiff Gilmar also was required to spend a significant portion of his work day performing the non-tip duties described above.

65.     Although Plaintiff Gilmar ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

66.     Plaintiff Gilmar regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

- 10 -

67.     Plaintiff Gilmar's work duties required neither discretion nor independent judgment.

68.     Throughout his employment with Defendants, Plaintiff Gilmar regularly worked in excess of 40 hours per week.

69.     From approximately November 2015 until on or about April 2016, Plaintiff Gilmar worked from approximately 11:00 a.m. until on or about 11:00 p.m., Mondays and Thursdays, from approximately 11:00 a.m. until on or about 12:00 a.m. Fridays and Saturdays and from approximately 12:00 p.m. until on or about 11:00 p.m. on Sundays (typically 61 hours per week).

70.     Throughout his employment with defendants, Plaintiff Gilmar was paid his wages in cash.

71.     From approximately November 2015 until on or about April 2016, defendants paid Plaintiff Gilmar a fixed salary of $300.00 per week.

72.     Plaintiff Gilmar's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

73.     For example, Defendants required Plaintiff Gilmar to work an additional 30 minutes past his scheduled departure time on several occasions, and did not pay him for the additional time he worked.

74.     Defendants never granted Plaintiff Gilmar any break or meal period of any length.

75.     Plaintiff Gilmar never was notified by Defendants that his tips were being included as an offset for wages.

76.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Gilmar's wages.

- 11 -

77.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Gilmar regarding overtime and wages under the FLSA and NYLL.

78.     Plaintiff Gilmar was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

79.     Furthermore, Defendants did not provide Plaintiff Gilmar with a statement of wages with each payment of wages, as required by NYLL 195(3).

80.     Defendants never gave any notice to Plaintiff Gilmar, in English and in Spanish (Plaintiff Gilmar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff Gilmar to purchase "tools of the trade" with his own funds—including a bicycle, a chain, a helmet, a lock and a vest.

### Defendants' General Employment Practices

82.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

83.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

84.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.    At no time did Defendants informed Plaintiffs that they reduced their hourly wage by a tip allowance.

86.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

87.    Defendants required Plaintiffs to perform general non-tipped non-delivery restaurant tasks in addition to their primary duties as delivery workers.

88.    Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped non-delivery duties.

89.    Plaintiffs were not even paid at a lowered tip-credited rate by Defendants.

90.    However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped non-delivery duties exceeded 20% of each workday (12 N.Y. C.R.R. § 146).

91.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he is assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§146). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped non-delivery occupation.

92.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped non-delivery duties described above.

93.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees but did not even pay them at the tip-credited rate when they

should have classified them as non-tipped non-delivery employees and paid them at the minimum wage rate.

94.    Defendants failed to inform Plaintiffs that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

95.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

96.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

97.    Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

98.    Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

99.    All Plaintiffs were paid their wages entirely in cash.

100.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

101.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

102.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

103.    Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

104.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

105.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

106.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

107.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

108.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

109.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

110.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

111.    The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

114.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

115.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

116.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

117.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

118.    Plaintiffs were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

121.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

122.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

125.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

126.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

127.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

130.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

131.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

134.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

135.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

138.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW)

139.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

140.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

141.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

142.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

143.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as BICYCLES, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

144.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        March 8, 2017

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:    _____/s/ Michael Faillace_____
                               Michael Faillace [MF-8436]
                               MICHAEL FAILLACE & ASSOCIATES, P.C.
                               60 East 42nd Street, suite 2540
                               New York, New York 10165
                               Telephone: (212) 317-1200
                               Facsimile: (212) 317-1620

- 23 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 6, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Gilmar Ramirez Perez**

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      06 de marzo de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 1, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Wilfredo Ramirez

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            01 de marzo de 2017