**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILFREDO RAMIREZ and GILMAR RAMIREZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>MOON HOUSE CHINESE RESTAURANT INC. (d/b/a MOON HOUSE RESTAURANT), YUK YAN ZHANG, and LINDA ZHANG,<br><br>*Defendants.* | Civil Action No: 17-cv-1743<br><br>**FIRST AMENDED**<br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**<u>MUTUAL GENERAL RELEASE</u>** |

  This First Amended Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs WILFREDO RAMIREZ and GILMAR RAMIREZ ("Plaintiffs") and Defendants MOON HOUSE CHINESE RESTAURANT INC. (the "Defendant Corporation") and YUK YAN ZHANG (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants").

  WHEREAS, Plaintiffs allege that they worked for Defendants as employees;

  WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-1743 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants have contested Plaintiffs' allegations in the Complaint and deny any and all liability; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. **<u>Payment</u>:** In consideration for Plaintiffs signing this Agreement and in full satisfaction of all claims that Plaintiffs may have against Defendants, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, officers, directors and agents thereof (collectively "Releasees") known or unknown, asserted or unasserted, Defendants shall pay or cause to be paid to Plaintiffs, subject to

1231196.1

the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Fifty Thousand Dollars (**$50,000**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys Twenty Four (24) monthly installments as follows:

      i.      For each of the first Twenty Three (23) installments:

(1) a check made by 1099 payable to Michael A. Faillace & Associates, P.C. of Six Hundred and Eighty Seven Dollars and Fifty Cents ($687.50), representing Plaintiffs' attorneys' fees,

(2) a check made by 1099 payable to Wilfredo Ramirez for Five Hundred and Forty Four Dollars and Thirty Seven Cents ($544.37), representing payment for alleged liquidated damages,

(3) a check made payable to Wilfred Ramirez by W-2 for Five Hundred and Forty Four Dollars and Thirty Seven Cents ($544.37), less all applicable tax withholdings and deductions, representing payment for alleged economic damages,

(4) a check made by 1099 payable to Gilmar Ramirez for One Hundred and Fifty Three Dollars and Fifty Four Cents ($153.54), representing payment for alleged liquidated damages, and

(5) a check made payable to Gilmar Ramirez by W-2 for One Hundred and Fifty Three Dollars and Fifty Four Cents ($153.54), less all applicable tax withholdings and deductions, representing payment for alleged economic damages,.

      ii.      For the final Twenty-Fourth (24th) installment:

(1) a check made by 1099 payable to Michael A. Faillace & Associates, P.C. of Six Hundred and Eighty Seven Dollars and Fifty Cents ($687.50), representing Plaintiffs' attorneys' fees,

(2) a check made by 1099 payable to Wilfredo Ramirez for Five Hundred and Forty Four Dollars and Forty Nine Cents ($544.49), representing payment for alleged liquidated damages,

(3) a check made payable to Wilfred Ramirez by W-2 for Five Hundred and Forty Four Dollars and Forty Nine Cents ($544.49), less all applicable tax withholdings and deductions, representing payment for alleged economic damages,

(4) a check made by 1099 payable to Gilmar Ramirez for One Hundred and Fifty Three Dollars and Fifty Eight Cents ($153.47), representing payment for alleged liquidated damages and

(5) a check made payable to Gilmar Ramirez by W-2 for One Hundred and Fifty Three Dollars and Fifty Eight Cents ($153.46), less all applicable tax withholdings and deductions, representing payment for alleged economic damages,.

Plaintiffs' law firm of Michael A. Faillace & Associates, P.C. will receive a total of Sixteen Thousand Five Hundred Dollars ($16,500.00) in attorneys' fees and costs. Plaintiffs will receive a total of Thirty Three Thousand Five Hundred Dollars ($33,500.00) in economic and liquidated damages.

The first installment being due within 30 days of court approval of this agreement unless Plaintiffs have not provided their ITIN and/or SSN to Defendants' counsel, and each subsequent installment being due in 30 day increments from that initial first installment payment.

As such, Plaintiffs must first provide Defendants' counsel with Plaintiffs' ITIN and/or SSN before they are permitted to receive the settlement installment checks. Defendants do not have an obligation to send out the installment checks to Plaintiffs' counsel until Plaintiffs have received such ITIN and/or SSN and delivered them to Defendants' counsel.

2.  **Confessions of Judgment**: Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A and B, respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above and (ii) Defendants fail to cure such default within ten (10) days of receipt of written notice (to be delivered to Defendants by first class mail and email via their counsel, Benjamin B. Xue, Esq. and Kevin K. Yam, Esq., Xue & Associates, P.C., 305 Broadway 14th Floor, New York, NY 10007.

3.  **Indemnification and Tax Consequences**: Defendants may issue tax form 1099 with Box 3 checked as may be required by law. Plaintiffs shall be responsible for any tax consequences associated with the Settlement Amount, for any amounts that are required to be reported to the IRS on an IRS Form 1099. Additionally, Plaintiffs shall indemnify and hold harmless Defendants with respect to any tax payments incurred by or assessed against Defendants as a result of no federal or other withholdings having been deduction from any portion of such Settlement Sum which is required to be reported on an IRS Form 1099. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4.  **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.  **Dismissal of the Litigation**: Plaintiff shall file with the Court in this litigation, within two (2) days of receipt of the executed Settlement Agreement and the first installment payments in accordance with paragraph 1, a Notice of Voluntary Dismissal with Prejudice. In

the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

6. **Mutual Release:** In consideration of the promises and payments and actions of Defendants set out in this Agreement and other good and valuable considerations including this mutual release, the receipt of which is hereby acknowledged, the Parties, with respect to their dealings with each other as set forth in the pleadings filed in this matter including Plaintiffs' alleged employment with the Defendants, fully and forever release, relieve, waive, relinquish and discharge one another from all actions, causes of action arising under the Fair Labor Standards Act and the New York Labor Laws which arose prior to the date this agreement was executed.

7. **Mutual Non-Disparagement:** Plaintiff and Defendants agree not to make any false statements, which defame, disparage, or demean each other in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of each other, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website. Truthful statements will not be considered a violation of this provision. Should the breaching party breach this non-disparagement provision and the non-breaching party is required to institute legal proceedings to enforce any of the provisions of this Paragraph, the breaching party agrees to pay the non-breaching party's reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by the non-breaching party in a court of competent jurisdiction and the non-breaching party is the prevailing party.

8. **Agreement To Refrain From Filing or Joining Claims:** The parties represent that they are not currently participating in any other proceedings pending against each other. ~~The parties also agree not to bring any lawsuit or initiate any proceedings for any claims whatsoever that predicated upon transactions and occurrences that may have that arose prior to the signing of this agreement and agree further, not to permit anyone else to do so on their behalf.~~ Nothing in this Agreement shall be interpreted or deemed to prevent the parties from commencing or participating in any of proceedings or investigations before a government body or a lawsuit, however, the parties shall waive their right to collect money thereon to the extent that the award is predicated upon transactions and/or occurrences set forth in the pleadings of this matter. This Agreement shall operate to release the Parties to the extent that is allowed.

9. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

10. **Acknowledgment:** Parties acknowledges that they have been fully and fairly represented by their counsel in this matter. The Parties further acknowledge that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their respective parties' attorneys. Parties further represent that they

have reviewed each and every provision in this Agreement and that they, in fact, fully understand this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11.  **Notices:**  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.               Fax: (212) 317-1620
60 East 42nd St. Suite 4510           Email: michael@faillacelaw.com
New York, NY 10165
Tel: (212) 317-1200

To Defendants:

Benjamin B. Xue, Esq.                Fax: (212) 229-2276
Kevin K. Yam, Esq.                   Email: benjaminxue@xuelaw.com
305 Broadway, 14th Floor                    kevinyam@xuelaw.com
New York, NY 10007
Tel.: (212) 229-2275

12.  **Governing Law:**  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

13.  **Enforceability:**  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14. **Release Notification:** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

15. **Counterparts:** To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

16. **Entire Agreement:** This Agreement sets forth the entire agreement between the parties, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

**THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFFS AGREE THAT THEY HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.**

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEYS, MICHAEL FAILLACE & ASSOCIATES, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PLAINTIFFS HAD, HAVE OR MIGHT HAVE AGAINST DEFENDANTS.**

[The space below is intentionally left blank. Signature page follows.]

**Plaintiffs:**

Date: _____     By: _____
                                      GILMAR RAMIREZ


Date: _____     By: _____
                                      WILFREDO RAMIREZ

**Defendants:**

MOON HOUSE CHINESE RESTAURANT INC.
By: _Zhangyukyan_ (signature)
Print Name: _Yuk Yan Zhang_       Date: _11/30/2017_


Date: _11/30/2017_               By: _Zhangyukyan_ (signature)
                                      YUK YAN ZHANG

**Plaintiffs:**

Date: _____   By: _____
                              GILMAR RAMIREZ

Date: _____   By: _____
                              WILFREDO RAMIREZ

**Defendants:**

MOON HOUSE CHINESE RESTAURANT INC.

By: _____

Print Name: _____   Date: _____


Date: _____   By: _____
                              YUK YAN ZHANG

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
----------------------------------------x
WILFREDO RAMIREZ and GILMAR RAMIREZ, :
*individually and on behalf of others similarly* :
*situated,* :
                                      :    Index No.:

                   *Plaintiff,*    :    **AFFIDAVIT OF CONFESSION OF**
                                      :    **JUDGMENT**
                 -against-    :

MOON HOUSE CHINESE RESTAURANT INC. :
(d/b/a MOON HOUSE RESTAURANT), YUK :
YAN ZHANG, and LINDA ZHANG, :

                   *Defendants.*    :

----------------------------------------x

STATE OF NEW YORK     )
                              : ss.:
COUNTY OF New York     )

        YUK YAN ZHANG a/k/a LINDA ZHANG, being duly sworn, deposes and says:

1.     I reside in New York County, New York State.

2.     Pursuant to the terms of the Settlement Agreement and General Release by and between WILFREDO RAMIREZ and GILMAR RAMIREZ ("Plaintiffs") on the one hand, MOON HOUSE CHINESE RESTAURANT INC. and YUK YAN ZHANG, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for the sum of Fifty-Five Thousand Dollars ($55,000).

3.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $50,000 to Plaintiffs; however I understand that this confession calls for an extra $5,000.00 dollars in addition to the $50,000.00 contemplated in the settlement agreement as a form of liquidated damages to compensate the Plaintiffs for a contemplated default.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for Fifty-Five Thousand dollars ($55,000) (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, YUK YAN ZHANG.

_____
YUK YAN ZHANG

Sworn to before me this
9th day of October 2017

_____
Notary Public

BENJAMIN B XUE
Notary Public, State of New York
No. 02XU6093045
Qualified in Nassau County
Commission Expires May 27, 2019

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------x
                                      :
WILFREDO RAMIREZ and GILMAR RAMIREZ,  :
*individually and on behalf of others similarly* :    Index No.:
*situated,*                           :
                                      :    **AFFIDAVIT OF CONFESSION OF**
                    *Plaintiff,*      :    **JUDGMENT**
                                      :
        -against-                     :
                                      :
MOON HOUSE CHINESE RESTAURANT INC.    :
(d/b/a MOON HOUSE RESTAURANT), YUK    :
YAN ZHANG, and LINDA ZHANG,           :
                                      :
-------------------------------------x

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF New York   )

      YUK YAN ZHANG a/k/a LINDA ZHANG, being duly sworn, deposes and says:

    1.    I reside in New York County, New York State.

    2.    I am the President of MOON HOUSE CHINESE RESTAURANT INC. I am duly authorized to make this affidavit of confession of judgment on behalf of MOON HOUSE CHINESE RESTAURANT INC.

    3.    MOON HOUSE CHINESE RESTAURANT INC. maintains its principal place of business in New York County at 1810 3rd Ave, New York, NY 10029.

    4.    Pursuant to the terms of the Settlement Agreement and General Release by and between WILFREDO RAMIREZ and GILMAR RAMIREZ ("Plaintiffs") on the one hand, MOON HOUSE CHINESE RESTAURANT INC. and YUK YAN ZHANG (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against MOON HOUSE CHINESE RESTAURANT INC. and in favor of Plaintiffs for the sum of Fifty-Five Thousand Dollars ($55,000).

    5.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $50,000 to Plaintiffs; however I understand that this confession calls for an extra $5,000.00 dollars in addition to the $50,000.00 contemplated in the

settlement agreement as a form of liquidated damages to compensate the Plaintiffs for a contemplated default.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for Fifty-Five Thousand dollars ($55,000) (less any amounts already paid to Plaintiffs pursuant to the above schedule), against MOON HOUSE CHINESE RESTAURANT INC.

MOON HOUSE CHINESE RESTAURANT INC.

By: _Zhang yukefan_ (signature)
YUK YAN ZHANG
Title: President

STATE OF _New York_ )
                    : ss.:
COUNTY OF _New York_ )

On _October 9_, 2017, before me personally came _Yuk Yan Zhang_, to me known, who, by me duly sworn, did depose and say that deponent resides at _New York County_, that deponent is the **President** of MOON HOUSE CHINESE RESTAURANT INC. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of MOON HOUSE CHINESE RESTAURANT INC. and was authorized to do so.

_____
Notary Public

BENJAMIN E YUE
Notary Public, State of New York
No. 02YU6093515
Qualified in Nassau County
Commission Expires May 27, 20_19_